GOWDY, appellant, v. POULLAIN.

*Amendment — order denying leave to amend appealable — when will not be allowed to complaint.*

An order denying a motion to amend a complaint *held* appealable.

In an action commenced in 1871 upon a transaction occurring in 1865, the complaint alleged that defendant, as a commission merchant and agent of plaintiff, had sold certain merchandise, the property of plaintiff, for which he refused to account. In 1874, after the cause had been reached for trial, plaintiff moved to amend the complaint by setting up that defendant, while in possession of the merchandise as warehouseman, sold the same without plaintiff's consent and retained the proceeds. *Held*, that an allowance of such amendment would not be in furtherance of justice.

APPEAL from an order at the special term denying a motion to amend the complaint. The action was brought in 1871 by Hill Gowdy against Antoine Poullain to recover the value of certain tobacco, the property of plaintiff, alleged to have been sold by defendant.

The original complaint alleged that the defendant, as *commission merchant* and *agent of the plaintiff*, had in his possession, on or about the 20th day of January, 1865, at his warehouse in the city of Augusta, Georgia, 441 packages of tobacco, weighing 18,964 pounds, of the value of $1 per pound, the property of the plain-

tiff. That on or about the 20th of April, 1865, the defendant, as such commission merchant and agent of plaintiff, sold those tobaccos for about the value thereof, and *received the proceeds thereof,* amounting to about $18,964, and thereby became liable to account for and pay over the same to plaintiff, *less defendant's reasonable and proper charges in and about receiving, storing, keeping and selling said tobacco, amounting to about the sum of* $3,000.

The answer set up payment and settlement in full. The case was noticed for trial at the January term, 1872, and was on the 29th of January, 1874, reached in its order on the calendar and was set down for trial on the 17th of February following and subsequently set down for the 24th of March. Before that day plaintiff served motion papers for a motion to amend the complaint by setting up that the defendant as a *warehouseman* had in his possession, on or about the 10th day of December, 1864, *on storage,* 21,175 pounds of tobacco, the property of the plaintiff, which tobacco the *defendant sold, without the consent, authority or knowledge of the plaintiff,* in separate lots, and on divers days between the 10th day of December, 1864, and the 2d day of March, 1865, and by such wrongful act became indebted to plaintiff for the value of the tobacco.

This motion being denied, plaintiff appealed.

*Edward Fitch,* for appellant.

*John E. Ward,* for respondent.

LAWRENCE, J. It is insisted by the respondent's counsel that, as the order asked for was one which rested in the discretion of the justice who heard the motion at the special term, it is not the subject of review by the general term. We are of opinion that under the recent decisions of the court of appeals, in *Gray* v. *Fisk,* 53 N. Y. 630, and in *Livermore* v. *Bainbridge,* 47 How. 354, the order can be properly reversed by the general term.

An examination of the motion papers and of the affidavits read in opposition has, however, failed to convince us that the justice at special term erred in the conclusion reached by him. The transaction out of which the alleged cause of action arose, took place in 1865. When the action was commenced the plaintiff must have known whether the defendant sold the tobacco referred to in the

complaint by his, the plaintiff's, authority, and as his agent, or whether he wrongfully sold it and converted the proceeds to his own use. To allow the plaintiff now, after the cause has been reached and has been on the day calendar many days, to entirely change his cause of action by amending his complaint would not, in our opinion, be in furtherance of justice. Code, § 173. On the ground of laches alone, if none other existed, we think the motion was·properly denied.

The order appealed from should be affirmed, with costs.

*Order affirmed.*